Santiago CLARK, Appellant,

v.

The STATE of Texas, Appellee.

No. 37203.

Court of Criminal Appeals of Texas.

Nov. 11, 1964.

No attorney of record on appeal for appellant.

Sam L. Jones, Jr., Dist. Atty., John R. Haas and Douglas Tinker, Asst. Dist. Attys., Corpus Christi, and Leon B. Douglas, State's Atty., Austin, for the State.

BELCHER, Commissioner.

The appellant was sentenced to life imprisonment upon being convicted for robbery by assault and having been twice previously convicted of felony offenses less than capital.

The testimony of the state reveals that the appellant was known to and identified by a waitress employed in a lounge, which he entered and then he and Bernal went into the rest room, later came out, and after a brief time, both went outside the lounge. In a short time they returned, each wearing a handkerchief over his face. The appellant stood by the door with a large knife in his hand as Bernal approached the waitress with a pistol in hand, saying, "Give me the money or I'll shoot." Because the waitress was in fear of serious bodily injury or her life, she put about thirty-five dollars in a sack and gave it to Bernal without her consent. When a customer in the lounge started to move, the appellant, pointing a knife toward him, said, "Don't move or I'll get you." While testifying, the waitress identified a pistol and a knife exhibited to her as being similar to those used by the appellant and Bernal. As they left Bernal said, "You better not say nothing, I am going to get you."

When the officers arrived the waitress reported the robbery, and gave them the name of the appellant as being one of the persons who robbed her.

A short time after the robbery, Officers Morris and Perez apprehended the appellant in a nearby cafe. Appellant was carrying a fully loaded .22 caliber pistol in his right front trousers pocket. The officers also found a knife in the alley behind the lounge.

Proof was offered of the two prior convictions as alleged and that the appellant was the same person so convicted. While testifying in his own behalf, the appellant admitted said convictions.

The appellant testified that he bought the pistol on the morning of the day of the robbery for protection against the enemies he had made while in prison; that he met Bernal shortly before the robbery; that they drank several beers and he (appellant) drank a bottle of wine. After seeing the pistol which appellant had with him in a sack, Bernal took the pistol stating that he wanted to rob a place. Appellant refused to aid him. Bernal insisted and appellant told him not to get him involved. Then Bernal threw a knife to him and ap-

proached the waitress in the lounge as appellant stood outside the door, undecided, according to appellant's testimony, whether to take the pistol from him, as Bernal might shoot him. When Bernal came out of the lounge he threw the pistol toward appellant and ran, and appellant picked it up. Appellant also testified that he never took any of the money from the lounge; that since he did not do anything, he waited in a nearby cafe for the officers to catch him; he explained to them how the robbery occurred and told them that Bernal did it.

There are no formal bills of exception and no objections to the court's charge. The informal bills in the statement of facts have been considered and they do not show error.

The evidence is sufficient to support the conviction and no error appearing, the judgment is affirmed.

Opinion approved by the Court.